COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




DANIELLA S. YTUARTE,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00134-CR



Appeal from the


County Criminal Court at Law No. 1


of El Paso County, Texas


(TC # 20080C06202)


O P I N I O N


 Daniella S. Ytuarte pleaded guilty to misdemeanor driving while intoxicated. On appeal to
this Court, she challenges the trial court's denial of her motion to suppress. We affirm.

BACKGROUND


 Ytuarte was charged by information with misdemeanor driving while intoxicated. See Tex.
Penal Code Ann. § 49.04(a) (West 2011). She later filed a motion to suppress any evidence (1)
obtained as a result of her detention by police (see discussion below), on the ground that the
detention had been carried out "without lawful warrant, probable cause or other lawful authority,"
in violation of the Fourth Amendment to the Constitution of the United States.

 The trial court held an evidentiary hearing on Ytuarte's motion to suppress. At the start of
the hearing, the State stipulated that Ytuarte's detention and arrest had been carried out without a
warrant. (2) The State then called its only witness, (3) El Paso Police Officer Enrique Davila, Jr., who
testified as follows: On May 16, 2008, at approximately 12:30 a.m., Davila drove his patrol car
northbound on Mesa Street, a six-lane thoroughfare on the west side of El Paso. As he drove, Davila
noticed Ytuarte a short distance ahead of him, driving a small car northbound in the inside lane. As
Davila watched, Ytuarte "swerved" from left to right within the inside lane and then, without
signaling a lane change, she "swerved" a bit more than halfway into the center lane and then back
into the inside lane. Shortly thereafter, she turned left onto Executive Center Boulevard. Davila
followed. Once on Executive Center, Ytuarte "swerv[ed] towards the turn lane," again without
signaling, and then returned to the westbound traffic lane. At that point, Davila initiated a traffic
stop. During the stop, Davila determined that Ytuarte was intoxicated. Davila testified further that
he had stopped Ytuarte "[f]or the traffic violation only." (4)

 At the close of Davila's testimony, Ytuarte argued to the trial court that it should grant her
motion to suppress because Davila, at the time and place in question, had neither reasonable
suspicion nor probable cause to stop her for a traffic offense. Ytuarte also informed the trial court
that she intended to submit a brief on the matter. The State responded that Davila had "plenty of
reasonable suspicion" to stop Ytuarte because there had been "two instances where she weaved
outside of her lane." The trial court stated that it would defer its ruling until after it had read
Ytuarte's brief.

 Ytuarte filed her brief in the trial court a month later. In her brief, Ytuarte argued that, under
Texas Transportation Code section 545.060(a), a person committed a traffic offense only if he
"mov[ed] out of a marked lane when it [was] not safe to do so." (5) Her argument continued:

 In the instant case, the government presented no evidence that defendant's failure to
drive in a single lane was unsafe. There was no [evidence] . . . that another vehicle
was next to defendant's vehicle at any point. The officer did not testify that a vehicle
was next to defendant's vehicle at any point when defendant allegedly failed to
maintain a single lane. Nor was there any testimony from the officer that defendant
crossed the center lane into oncoming traffic. At no point did the officer state that
the movements of defendant's vehicle were unsafe or dangerous.


 The trial court denied Ytuarte's motion to suppress. After that Ytuarte pleaded guilty to
misdemeanor driving while intoxicated, as charged in the information. The trial court assessed her
punishment at incarceration for 180 days and a fine of $500, both probated for a period of one year.

 On appeal to this Court, Ytuarte brings one issue, in which she argues that the trial court
erred in denying her motion to suppress. More specifically, Ytuarte argues, as she did below, that
Davila never had "reasonable suspicion that [she] had . . . violat[ed] . . . section 545.060 of the Texas
Transportation Code" because he "never testified any of [her] movements while operating her
vehicle . . . were unsafe." Ytuarte argues further that Davila never testified that he initiated the
traffic stop because he suspected she was intoxicated.

 The State argues in response that the trial court did not err in denying Ytuarte's motion to
suppress because Davila's testimony showed that he had reasonable suspicion to stop Ytuarte for
driving while intoxicated or for failing to signal a lane change. The State also argues that Davila's
stated reason for his stop of Ytuarte is irrelevant.

DISCUSSION


 A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. 
Ramos v. State, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). In other words, the trial court's
ruling will be upheld if it is reasonably supported by the record and is correct under any theory of
law applicable to the case. Id. at 418.

 The Fourth Amendment prohibits "unreasonable searches and seizures" by the government. 
U.S. Const., amend. IV. This protection, made applicable to the states by the due process clause
of the Fourteenth Amendment, Wolf v. Colorado, 338 U.S. 25, 27-28 (1949), extends to brief
investigatory detentions (or "stops") of persons that fall short of traditional arrest, United States v.
Arvizu, 534 U.S. 266, 273 (2002). In such cases, the Fourth Amendment is satisfied if the officer's
action is supported by reasonable suspicion, i.e., a particularized and objective basis for suspecting
the person stopped of criminality. Id. If such a particularized and objective basis exists, then the
investigatory detention is reasonable as a matter of law, regardless of the officer's subjective
motivation. Whren v. United States, 517 U.S. 806, 812-13 (1996).

 A person commits a criminal offense if he operates a motor vehicle in a public place while
intoxicated. Tex. Penal Code Ann. § 49.04(a) (West 2011). For the purposes of this offense,
"intoxicated" means, in relevant part, not having the normal use of one's mental or physical faculties
by reason of the introduction of alcohol or any other substance into the body. Tex. Penal Code
Ann. § 49.01(2) (West 2011).

 After reviewing the record, we discern no abuse of discretion on the part of the trial court in
its denial of Ytuarte's motion to suppress. Davila testified at the suppression hearing that, on May
16, 2008, at around half past midnight, he observed Ytuarte drive erratically and leave her lane of
traffic repeatedly without signaling and that she did all of that on public streets. Given that
testimony, which the trial court was entitled to believe, the trial court could have reasonably
concluded that, at the time and place in question, Davila had a particularized and objective basis for
suspecting Ytuarte of driving while intoxicated. In view of this, we need not reach the question of
whether the trial court could have also reasonably concluded that Davila had a particularized and
objective basis for suspecting Ytuarte of failing to signal a lane change.

CONCLUSION


 On this record, the trial court could have reasonably concluded that Davila's stop of Ytuarte
did not violate the Fourth Amendment because it was supported by reasonable suspicion of
criminality on her part. Thus, the trial court's denial of Ytuarte's motion to suppress is reasonably
supported by the record and is correct under a theory of law applicable to this case. We overrule
Ytuarte's sole issue and affirm the judgment of the trial court.


 GUADALUPE RIVERA, Justice

November 2, 2011


Before McClure, C.J., Rivera, J., and Antcliff, J.


(Do Not Publish)

1. Ytuarte's motion did not identify what evidence she wanted suppressed, but it appears from the record
that she was concerned about the results of field sobriety and intoxilyzer tests administered to her after she was
detained. Properly, a motion to suppress will identify what evidence the defendant wants suppressed, so that the
State and the trial court are not left guessing how the defendant was harmed by the allegedly illegal government
activity. Amador v. State, 275 S.W.3d 872, 874 n.3 (Tex. Crim. App. 2009).
2. If it is established that the defendant was seized without a warrant, then, under the Fourth Amendment,
the State has the burden to prove that the seizure was reasonable under the totality of the circumstances. Russell v.
State, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986).
3. Ytuarte presented no witnesses at the suppression hearing.
4. Texas Transportation Code section 545.104(a) provides that "[a]n operator shall use [a turn] signal . . . to
indicate an intention to turn, change lanes, or start from a parked position." Tex. Transp. Code Ann. § 545.104(a)
(West 2011).
5. Texas Transportation Code section 545.060(a) provides that "[a]n operator on a roadway divided into
two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and
(2) may not move from the lane unless that movement can be made safely." Tex. Transp. Code Ann. § 545.060(a)
(West 2011).